Paul MIVILLE, Individually and as Executor of the Estate of Ruth Miville, deceased, Plaintiff,

v.

ABINGTON MEMORIAL HOSPITAL, et al., Defendants.

No. Civ.A. 03–CV–3523.

United States District Court, E.D. Pennsylvania.

Aug. 16, 2005.

Derek R. Layser, Philadelphia, PA, for Plaintiff.

Marcy H. Landis, White and Williams LLP, Philadelphia, PA, for Defendants.

## ORDER

ANITA B. BRODY, District Judge.

**AND NOW,** this 16th day of August 2005, it is **ORDERED** that plaintiff's motion for reconsideration (doc. # 39) is **DENIED.**[1]

1. § 512(c)(3) of MCARE requires that an expert be board-certified in the "same or similar approved board" as the defendant. 40 P.S. § 1303.512(c)(3). This requirement can only be waived under § 512(e) if "the expert possess sufficient training, experience and knowledge to provide the testimony as a result of active involvement in or full-time teaching of medicine in the applicable subspecialty or a *related field of medicine . . . .*" 40 P.S. § 1303.512(e) (emphasis added). Plaintiff Mr. Miville argues that Dr. Newmark, who is board-certified in internal medicine, pulmonary disease and critical care, is eligible for a § 512(e) waiver. Mr. Miville's argument fails because he does not show that internal medi-

cine, pulmonary disease or critical care are "related field[s] of medicine" to anesthesiology.

Mr. Miville argues that critical care and anesthesiology are related fields of medicine because "protecting and securing a patient's airway" is an "integral part" of both fields. (Mot. for Reconsideration at 7.) Mr. Miville's argument focuses solely on the "specific care at issue" in this case, that is, protecting and securing Ruth Miville's airway.

However, unlike § 512(c)(2), the same board-certification requirements of § 512(c)(3) and eligibility for a § 512(e) waiver are not dependent on "the specific care at issue." § 512(c)(2) explicitly allows an expert

In light of plaintiff's notice (doc. # 41) that he has retained a board-certified anesthesiologist as directed in my July 18, 2005 Memorandum and Order (doc. # 38), it is **FURTHER ORDERED** that the summary judgment motion of defendants Dr. Lamberg and Anesthesia Associates of Abington (doc. # 26/28) is **DENIED.**

to testify against a doctor of a different subspecialty as long as their two subspecialties have a "similar standard of care for the specific care at issue." In order to give § 512(c)(3) and § 512(e) meaning and effect that is distinct from § 512(c)(2), § 512(c)(3) and § 512(e) cannot be read to allow an expert who is board-certified in one field to testify against a defendant who is board-certified in different field simply because their respective fields have the same standard of care as to the specific care at issue.

Because Mr. Miville only shows that critical care and anesthesiology have a similar standard of care for the specific care at issue, Mr. Miville fails to show that critical care (or internal medicine or pulmonary disease) is a "related field of medicine" to anesthesiology. Thus, Dr. Newmark is not eligible for a waiver under § 512(e).